■ In the Matter of JAMAL GLENN, Appellant, v THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Petitioner contends that he was denied his right to an employee assistant (see, 7 NYCRR 251-4.1 [a] [2]). Petitioner originally selected from an established list an employee assistant who was available only to inmates confined to a special housing unit. Petitioner was not confined to that unit and the employee assistant chosen was not available to him. A notation on the assistance selection form read: "NOTE: Inmate in D.A. status—not allowed to pick J. Algier. 1-24-89 Inmate allowed to pick another assistant". Petitioner's tier III hearing commenced on January 26, 1989. Petitioner argued that he was never permitted to pick an employee assistant from respondents' established list after it was determined that Algier was not available to assist him. The Hearing Officer told petitioner that he could select an employee assistant at that time. Petitioner declined to do so and left the hearing. Under these circumstances, we find that without proffering a sound reason for his actions, petitioner refused to remain at his hearing. "The petitioner may not question the validity of the proceeding from the point after he refused to appear before the hearing officer" (Matter of Payne v Smith, 97 AD2d 960, 961; see also, People ex rel. Morgan v La Vallee, 49 AD2d 652, lv denied 37 NY2d 710).

We have reviewed petitioner's remaining contentions and find that they lack merit. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.